FILED
10/30/18 1:16 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>JAMES H. RAMSEY, JR. and<br>SANDRA L. RAMSEY<br>  *Debtors* | Case No. 16-23742-TPA<br><br>Chapter 13 |
| RONDA J. WINNECOUR, ESQ.<br>CHAPTER 13 TRUSTEE,<br>  *Movant* | Related to Doc. Nos. 107, 109, 118<br><br>Hrg.: Nov. 14, 2018 at 11:00 A.M. |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION,<br>not in its individual capacity but soleluy<br>as Trustee for the RMAC Trust Series<br>2016-CTT,<br>  *Respondent* | |

### *ORDER*

On September 12, 2018 the Trustee filed a *Motion to Preclude Postpetition Mortgage Fees, Expenses and Charges* ("Motion") at Doc. No. 107. The Court responded by entering a September 17, 2018 Order requiring U.S. Bank National Association ("Bank")[1] to file a Response to the *Motion* by October 22, 2018, and scheduling a hearing for November 14, 2018.

The Bank, by and through its attorney Steven Kelly of Stern and Eisenberg, PC, timely filed a Response on October 22, 2018 at Doc. No. 118. The Response fails to meet the requirements of the September 17th Order in a number of respects. First, it does not include a

---

[1] The September 17th Order is based on a form order that the Court has been using for several months. The Order inadvertently referred to "Quicken Loans Inc." in the body rather than to the Bank, but its intent was clear.

complete and accurate loan history as required by Paragraph 1(a) of the Order. Second, it does not include a computation of the mortgage fees, expenses and charges in the Notice which is the subject of the *Motion* in a format that would be readily understandable by the Court and Parties-in-Interest as required by Paragraph 1(b) of the Order.

A third violation is that the Response does not include a declaration by a competent official of the Bank substantiating the veracity and accuracy of all matters pertaining to the Notice as required by Paragraph 1(c) of the Order. Finally, the Response does not "specifically address" each of the objections raised by the Trustee in her *Motion* as required by the introductory portion of Paragraph 1 of the Order. For example, the Trustee asserts in her *Motion* that flat fees are not permissible but the Response does not directly respond to that contention.

For the above reasons, the Court must strike the Response and require that it be refiled in proper form prior to the upcoming hearing. Beyond that, however, there is a more compelling issue the Court must raise.

The need to call the Stern and Eisenberg law firm to account for failing to comply with Court orders and potential *Fed.R.Bankr.P. 9011* issues respecting its filings has, unfortunately, become something of a regular occurrence. *See, e.g., In re Dworek*, Case No. 16-10705-TPA, Doc. No. 94 (Memorandum Order of August 22, 2018 chastising Stern and Eisenberg for filing a grossly deficient motion for summary judgment, failing to meet even the basic requirements of a Pretrial Scheduling Order, and for apparently filing Notices of Postpetition Mortgage Fees, Expenses and Charges without investigating whether they were warranted by existing law or a nonfrivolous argument for the extension, modification or reversal of existing law).

These repeated warnings do not seem to be having the intended effect, as indicated by the Order being entered this date. The Court has very nearly reached the end of its patience. In issuing the memorandum order in *Dworek* referenced above, the Court was careful to preserve its ability to issue an order to show cause against Stern and Eisenberg and its individual attorneys pursuant to *Fed.R.Bankr.P. 9011(c)(1)(B)*. The Court had hoped that the mere possibility of such an event would cause Stern and Eisenberg to redouble its efforts going forward to comply with orders and the *Rules of Procedure*, and that it would never actually have to "pull that trigger." The Court is re-weighing that thought and pondering whether that additional step needs to be taken.

AND NOW, this **30th** day of **October, 2018**, it is **ORDERED, ADJUDGED** and **DECREED** that,

(1) The Response filed by the Bank at Doc. No. 118 is **STRICKEN**.

(2) *On or before November 13, 2018* the Bank shall file an Amended Response that is in full compliance with the requirements of the September 17, 2018 Order.

Thomas P. Agresti, Judge
United States Bankruptcy Court

Case administrator to serve:
Steven Kelly, Esq.
Ronda Winnecour, Esq.
Dennis Spyra, Esq.
Debtors

*Atty. William Miller*
*Atty. Steven Eisenberg*

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                                  Case No. 16-23742-TPA
James H. Ramsey, Jr.                                                    Chapter 13
Sandra L. Ramsey
        Debtors
```

## CERTIFICATE OF NOTICE

```
District/off: 0315-2           User: dkam                 Page 1 of 1                   Date Rcvd: Oct 30, 2018
                               Form ID: pdf900            Total Noticed: 3
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 01, 2018.
```
db/jdb         James H. Ramsey, Jr.,    Sandra L. Ramsey,    6001 Roslyn Street,    McKeesport, PA 15135-1128
              +Steven Eisenberg, Esq.,    Stern & Eisenberg, P.C.,    1581 Main Street,    Suite 200,
                 Warrington, PA 18976-3400
              +William Miller, Esq.,    Stern & Eisenberg, P.C.,    1581 Main Street,    Suite 200,
                 Warrington, PA 18976-3400
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                  TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 01, 2018                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 30, 2018 at the address(es) listed below:
```
              Christopher M. McMonagle    on behalf of Creditor    U.S. Bank Trust National Association, as
               Trustee of the SCIG Series III Trust cmcmonagle@sterneisenberg.com, bkecf@sterneisenberg.com
              Dennis J. Spyra     on behalf of Joint Debtor Sandra L. Ramsey attorneyspyra@dennisspyra.com,
               deborah@dennisspyra.com;missdebrastone@msn.com
              Dennis J. Spyra     on behalf of Debtor James H. Ramsey, Jr. attorneyspyra@dennisspyra.com,
               deborah@dennisspyra.com;missdebrastone@msn.com
              James Warmbrodt     on behalf of Creditor    U.S. Bank National Association, not in its individual
               capacity but solely as trustee for the RMAC Trust, Series 2016-CTT bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour     on behalf of Trustee Ronda J. Winnecour cmecf@chapter13trusteewdpa.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace     on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
              Steven P Kelly    on behalf of Creditor    U.S. Bank Trust National Association, as Trustee of the
               SCIG Series III Trust skelly@sterneisenberg.com
                                                                                               TOTAL: 9
```