FILED
2/15/19 1:57 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| JAMES H. RAMSEY, JR.,<br>SANDRA L. RAMSEY,<br>*Debtors* | : <br> : <br> : <br> : | Case No. 16-23742-TPA <br><br> Chapter 13 |
| RONDA J. WINNECOUR,<br>Chapter 13 Trustee,<br>*Movant* | : <br> : <br> : <br> : | Related to Doc. Nos. 137, 145, 147 <br><br> Hearing: February 27, 2019 at 11:30 A.M. |
| v. | : <br> : | |
| U.S. BANK TRUST NATIONAL<br>ASSOCIATION, as Trustee of the<br>SCIG Series III Trust,<br>*Respondent* | : <br> : <br> : <br> : | |

## ORDER DENYING MOTION TO ENLARGE AND
## ORDER TO SHOW CAUSE

On September 19, 2017, the Respondent filed a *Notice of Postpetition Mortgage Fees, Expenses, and Charges* ("Notice") with respect to Claim No. 5-1. The Movant filed an objection to the *Notice* on September 12, 2018 at Doc. No. 107. On November 13, 2018, Respondent filed a *Motion to Withdraw Notice of Postpetition Mortgage Fees, Expenses, and Charges Dated September 19, 2017* ("Motion to Withdraw") at Doc. No. 137. The Court granted the *Motion to Withdraw* in an Order issued on December 14, 2018 at Doc. No. 145. The December 14th Order, among other things, required that on or before February 12, 2019, the Respondent was to provide to the Movant "a full and comprehensive loan history from the inception of the loan." *Id.* at ¶2

1

On February 12, 2019, the Respondent filed an *Amended Motion to Enlarge Deadline for Compliance with Court Order Dated December 14, 2018* ("Motion to Enlarge"), Doc. No. 147. In it the Respondent states that it has provided the Movant with a partial loan history from April 2017 through February 1, 2019, but that it is "still in the process of obtaining a complete loan history from a prior servicer showing the loan transactional history from April 2008, the inception date, through July 25, 2014, the first date of default as evidenced by the Proof of Claim Loan History filed by Respondent's predecessor-in-interest." *Motion to Enlarge* at ¶2. The *Motion to Enlarge* asks that the February 12th deadline for providing the complete loan history be extended for an additional 30 days.

The Court often grants a first motion seeking an extension of a deadline, but in this particular instance it will not do so for several reasons. Most importantly, the *Motion to Enlarge* provides absolutely no explanation that would justify any additional time being granted. As indicated above, it merely states that the Respondent is "still in the process of obtaining a complete loan history," but it does not indicate when that process started, what it entails, how much urgency the Respondent has pursued it with, what steps it has taken to compel the prior servicer to be responsive if that is an issue, or why an additional 30 days is needed through no fault of the Respondent and would be used wisely. For all the Court can tell from reading the *Motion to Enlarge*, the Respondent may have only initiated the "process" an hour before the *Motion* was filed.

Additionally, the 60-day deadline ending on February 12th was not some arbitrary date picked by the Court. It was the Respondent itself that positively represented it would supply the loan

2

history within 60 days if the *Motion to Withdraw* were granted. *See, Motion to Withdraw* at ¶5, and the accompanying proposed order. The December 14th Order thus gave the Respondent exactly what it requested in terms of time to get the loan history, and the *Motion to Enlarge* fails to allege or explain why the Respondent should be freed from its prior commitment. In fact, in the Court's view the Respondent has already had an extra 30 days to secure the loan history because, while the *Motion to Withdraw* was filed on November 14th, the December 14th Order was not entered until 30 days later, and there was nothing to prevent the Respondent from taking steps to obtain the history in the meantime.

One final reason for denying the *Motion to Enlarge* is that there is still an unaccounted for large gap in the history. As indicated above, the Respondent alleges that it has provided the loan history from April 2017 through February 2019, and is attempting to secure the history from April 2008 through July 2014 from the prior servicer, but it says nothing about the history from August 2014 through March 2017. Based on the allegations in the *Motion to Enlarge*, there is still no assurance that a grant of additional time would result in a complete loan history.

With the *Motion to Enlarge* being denied, the February 12th deadline has passed and the Respondent has failed to comply with the December 14th Order.[1] The Court will therefore convene a hearing to determine whether sanctions should be imposed.

---

[1] The *Motion to Enlarge* was filed at 4:04 PM on February 12th – within the deadline, albeit barely. Merely filing a motion to extend time by the existing deadline, however, does not guarantee that the motion will be granted and additional time given. The Respondent would have been better served to have filed the *Motion to Enlarge* well before the existing deadline so it could have still had time to take some further action in the event the *Motion* was denied.

*AND NOW*, this *15th* day of *February, 2019*, for the reasons stated above it is **ORDERED, ADJUDGED** and **DECREED** that,

(1)  The *Motion to Enlarge* is **DENIED**.

(2)  An ***Order to Show Cause*** is directed against the Respondent and its Counsel. ***Attorney Stephen Kelly*** and ***the agent or employee of the Respondent with personal knowledge*** of the efforts that have been made to obtain a complete loan history in compliance with the December 14th Order shall both ***personally appear*** at a hearing to be held on ***February 27, 2019*** at ***11:30 A.M.*** in the Erie Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, PA 16501, for the purpose of showing why the Court should not impose sanctions for the violation of the December 14th Order, including but not limited to a monetary penalty.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

Case administrator to serve:
    Steven P. Kelly, Esq.
    Ronda Winnecour, Esq.
    Dennis Spyra, Esq.
    Debtor

4

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                          Case No. 16-23742-TPA
James H. Ramsey, Jr.                                            Chapter 13
Sandra L. Ramsey
        Debtors
```

## CERTIFICATE OF NOTICE

```
District/off: 0315-2           User: dkam              Page 1 of 1              Date Rcvd: Feb 15, 2019
                               Form ID: pdf900         Total Noticed: 1
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 17, 2019.
db/jdb         James H. Ramsey, Jr.,    Sandra L. Ramsey,    6001 Roslyn Street,    McKeesport, PA  15135-1128

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                    TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                    TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 17, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 15, 2019 at the address(es) listed below:
              Christopher M. McMonagle    on behalf of Creditor    U.S. Bank Trust National Association, as
               Trustee of the SCIG Series III Trust cmcmonagle@sterneisenberg.com,    bkecf@sterneisenberg.com
              Dennis J. Spyra    on behalf of Joint Debtor Sandra L. Ramsey attorneyspyra@dennisspyra.com,
               deborah@dennisspyra.com;missdebrastone@msn.com
              Dennis J. Spyra    on behalf of Debtor James H. Ramsey, Jr. attorneyspyra@dennisspyra.com,
               deborah@dennisspyra.com;missdebrastone@msn.com
              James  Warmbrodt     on behalf of Creditor    U.S. Bank National Association, not in its individual
               capacity but solely as trustee for the RMAC Trust, Series 2016-CTT bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              Ronda J. Winnecour    on behalf of Trustee Ronda J. Winnecour cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
              Steven P Kelly    on behalf of Creditor    U.S. Bank Trust National Association, as Trustee of the
               SCIG Series III Trust skelly@sterneisenberg.com
                                                                                             TOTAL: 9