**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re:<br>    James H. Ramsey, Jr.<br>    Sandra L. Ramsey<br><br>              Debtor(s)<br>---------------------------------------------<br>Ronda J. Winnecour , Chapter 13 Trustee<br><br>              Movant<br><br>vs.<br><br>U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust<br><br>              Respondent | Chapter 13<br><br>Case No. 16-23742-TPA<br><br>Related to Document No.  162<br><br>Document No.  164 |

**STATUS REPORT ON COMPLIANCE WITH ORDER GRANTING WITHDRAW OF NOTICE OF POST-PETITION MORTGAGE FEES, EXPENSES AND CHARGES**

AND NOW, comes the Respondent, U.S. Bank National Association, as Trustee of the SCIG Series III Trust (hereinafter, "Respondent"), through its Counsel, Stern & Eisenberg PC, and hereby submits this Status Report on Respondent's Compliance with Order Granting Withdraw of Notice of Post-Petition Mortgage Fees, Expenses and Charges, pursuant to this Honorable Court's Order of February 28, 2019, and in support thereof states:

A. On February 28, 2019, this Honorable Court entered an Order vacating the Order to Show Cause and setting forth a deadline of March 13, 2019, upon which time a Status Report would need to be filed with the Court identifying the current status/resolution relating to the Trustee's Objection to Notice of Post-Petition Mortgage Fees, Expenses and Charges and the related submission of documentation under Respondent's Motion to Withdraw Notice of Post-Petition Mortgage Fees, Expenses and Charges.

B. Following the issuance of this Honorable Court's Order, the parties engaged in initial communication on March 5, 2019, to determine an agreeable time for discussions on any outstanding

issues of the Chapter 13 Standing Trustee as it relates to the submission(s) provided by the Respondent on February 25, 2019, in conjunction with the Order Granting Motion to Withdraw.

C.  The parties set forth a meeting time of March 12, 2019, at 2:00 pm., after discussing availability of each individual party.

D.  An initial meeting was conducted on March 12, 2019, at the designated time, and was attended telephonically by: (1) Ronda J. Winnecour, the Chapter 13 Standing Trustee as well as a member of her staff, (2) Steven P. Kelly, Esquire on behalf of the Respondent, and (3) Christopher Carman, Esquire, representative of Respondent with personal knowledge of information related to the loan in question.

E.  Debtors' counsel was notified of the planned meeting but did not partake.

F.  Respondent identified for the Chapter 13 Standing Trustee the number of assignments of the loan from its inception date of April 21, 2008, through the present.

G.  Respondent identified, and set forth, for the Chapter 13 Standing Trustee the original terms and/or conditions of the loan including, but not limited to, length of term, interest rate, principal and interest amounts, and escrowed v. non-escrowed loan.

H.  Counsel for Respondent discussed with the Chapter 13 Standing Trustee the calculation of the pre-petition arrears listed on the Proof of Claim (i.e. number of missed payments, fees/costs, etc.).

I.  The parties reviewed the Respondent's submitted loan histories, which demonstrate a complete loan history from February 11, 2009 through February 1, 2019, more specifically identified as follows:

    a.  February 11, 2009 to October 1, 2016 – Caliber Home Loans on behalf of LSF9 Master Participation Trust;

    b.  October 1, 2016 to December 19, 2017 – Rushmore Loan Management Services; and

    c.  December 19, 2017 to the present -- Respondent

J.  As indicated at the hearing set forth on February 27, 2019 by Respondent's representative, Respondent has been unable to obtain the loan history from the inception creditor ranging from April 21, 2008 through February 11, 2009, despite repeated attempts by the Respondent to acquire said loan history via e-mail, telephone, and/or other electronic attempts.

K.  The inception creditor is Beneficial Consumer Discount Company d/b/a Beneficial Mortgage Company of Pennsylvania.

L.  In reviewing the loan history from October 1, 2016 through December 19, 2017, at which time the loan was being serviced by Respondent's predecessor-in-interest, the Chapter 13 Standing Trustee inquired into the reason for the change in the Principal and Interest Payment.

M.  Additionally, the Parties note that a Loan Modification was conducted on the loan, which became effective October 1, 2018.

N.  The Chapter 13 Standing Trustee inquired into what figures were utilized in preparing the loan modification and whether any of the prior servicers could have included post-petition fees not properly noticed before Respondent acquired the loan.

O.  In an effort to resolve the issues raised by the Chapter 13 Standing Trustee, the Trustee has requested that Respondent provide additional information to her office, including: (1) evidence of the onboarding process when Respondent took over the loan in December 2017 and (2) evidence of the figures utilized in preparing the October 2018 Loan Modification to verify that no additional fees were used to calculate said Modification.

P.  Respondent indicated that it would take him approximately seven (7) days to acquire the information for the Chapter 13 Standing Trustee, which was an agreeable timeframe to the Trustee.

Q.  In order to give the Chapter 13 Standing Trustee sufficient time to review the documents provided by Respondent, and to accommodate for any scheduling conflicts, the Parties have agreed to have an

additional telephonic conference on April 1, 2019 at 2:00 p.m., to identify if the newly requested documents provided to the Chapter 13 Standing Trustee satisfies her inquiries as to the status of the loan.

R.  The Parties respectfully request that this Honorable Court provide it with the requested time set forth above so as to fully resolve the matter between the Parties.

                Respectfully submitted,

                STERN & EISENBERG PC

                /s/ Steven P. Kelly
                Steven P. Kelly, Esquire
                PA ID #308573
                skelly@sterneisenberg.com
                Stern & Eisenberg, PC
                1581 Main Street, Suite 200
                Warrington, Pa  18976
                (215) 572-8111
Date: March 12, 2019            Counsel for Respondent