**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re:<br>　　James H. Ramsey, Jr.<br>　　Sandra L. Ramsey<br><br>　　　　Debtor(s)<br>---------------------------------------------<br>Ronda J. Winnecour , Chapter 13 Trustee<br><br>　　　　Movant<br><br>vs.<br><br>U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust<br><br>　　　　Respondent | Chapter 13<br><br>Case No. 16-23742-TPA<br><br>Related to Document No.  162, 164<br><br>Document No.  166 |

**JOINT SUPPLEMENTAL STATUS REPORT ON COMPLIANCE WITH ORDER GRANTING WITHDRAW OF NOTICE OF POST-PETITION MORTGAGE FEES, EXPENSES AND CHARGES**

AND NOW, comes the Respondent, U.S. Bank National Association, as Trustee of the SCIG Series III Trust (hereinafter, "Respondent"), through its Counsel, Stern & Eisenberg PC and Ronda J. Winnecour, the Chapter 13 Standing Trustee (hereinafter, the "Chapter 13 Trustee"), and hereby submits this Joint Supplemental Status Report on Respondent's Compliance with Order Granting Withdraw of Notice of Post-Petition Mortgage Fees, Expenses and Charges, pursuant to this Honorable Court's Order of February 28, 2019, and in support thereof states:

　　A.  On February 28, 2019, this Honorable Court entered an Order vacating the Order to Show Cause and setting forth a deadline of March 13, 2019, upon which time a Status Report would need to be filed with the Court identifying the current status/resolution relating to the Trustee's Objection to Notice of Post-Petition Mortgage Fees, Expenses and Charges and the related submission of documentation under Respondent's Motion to Withdraw Notice of Post-Petition Mortgage Fees, Expenses and Charges.

B. Following the issuance of this Honorable Court's Order, the parties engaged in initial communication on March 5, 2019, to determine an agreeable time for discussions on any outstanding issues of the Chapter 13 Trustee as it relates to the submission(s) provided by the Respondent on February 25, 2019, in conjunction with the Order Granting Motion to Withdraw.

C. The parties set forth a meeting time of March 12, 2019, at 2:00 pm., after discussing availability of each individual party.

D. An initial meeting was conducted on March 12, 2019, at the designated time, and was attended telephonically by: (1) Ronda J. Winnecour, the Chapter 13 Standing Trustee as well as a member of her staff, (2) Steven P. Kelly, Esquire on behalf of the Respondent, and (3) Christopher Carman, Esquire, representative of Respondent with personal knowledge of information related to the loan in question (hereinafter, the "Parties").

E. Debtors' counsel was notified of the planned meeting but did not partake.

F. Respondent identified for the Chapter 13 Trustee the number of assignments of the loan from its inception date of April 21, 2008, through the present.

G. Respondent identified, and set forth, for the Chapter 13 Trustee the original terms and/or conditions of the loan including, but not limited to, length of term, interest rate, principal and interest amounts, and escrowed v. non-escrowed loan.

H. Counsel for Respondent discussed with the Chapter 13 Trustee the calculation of the pre-petition arrears listed on the Proof of Claim (i.e. number of missed payments, fees/costs, etc.).

I. The parties reviewed the Respondent's submitted loan histories, which demonstrate a complete loan history from February 11, 2009 through February 1, 2019, more specifically identified as follows:

    a. February 11, 2009 to October 1, 2016 – Caliber Home Loans on behalf of LSF9 Master Participation Trust;

  b. October 1, 2016 to December 19, 2017 – Rushmore Loan Management Services; and

  c. December 19, 2017 to the present -- Respondent

J. As indicated at the hearing set forth on February 27, 2019 by Respondent's representative, Respondent has been unable to obtain the loan history from the inception creditor ranging from April 21, 2008 through February 11, 2009, despite repeated attempts by the Respondent to acquire said loan history via e-mail, telephone, and/or other electronic attempts.

K. The inception creditor is Beneficial Consumer Discount Company d/b/a Beneficial Mortgage Company of Pennsylvania.

L. In reviewing the loan history from October 1, 2016 through December 19, 2017, at which time the loan was being serviced by Respondent's predecessor-in-interest, the Chapter 13 Standing Trustee inquired into the reason for the change in the Principal and Interest Payment.

M. Additionally, the Parties note that a Loan Modification was conducted on the loan, which became effective October 1, 2018.

N. The Chapter 13 Trustee inquired into what figures were utilized in preparing the loan modification and whether any of the prior servicers could have included post-petition fees not properly noticed before Respondent acquired the loan.

O. In an effort to resolve the issues raised by the Chapter 13 Trustee, the Trustee has requested that Respondent provide additional information to her office, including: (1) evidence of the onboarding process when Respondent took over the loan in December 2017 and (2) evidence of the figures utilized in preparing the October 2018 Loan Modification to verify that no additional fees were used to calculate said Modification.

P. Pursuant to the initial conference held on March 12, 2019, Respondent accumulated the information requested by the Chapter 13 Trustee and forwarded said information to her attention on March 19, 2019.

Q. More specifically, Respondent provided an extensive breakdown of the figures used in formulating the Loan Modification in September 2018, which occurred prior to the Chapter 13 Trustee's Motion to Preclude Post-Petition Mortgage Fees, Expenses and Charges.

R. Per Respondent's review, the Loan Modification included fees of $1,706.50, which comprised of the $900.00 sought in the Post-Petition Fee(s) Notice, and the balance included fees by the former servicers.

S. As the Loan Modification was completed prior to the start of this litigation, Respondent provided the Chapter 13 Trustee two (2) alternative forms of resolution: (1) a principal reduction could be performed in the amount of $1,706.50 to remove the fees, or (2) a new loan modification could be performed without these fees included.

T. Upon receipt of the information listed above, the Chapter 13 Trustee indicated on March 20, 2019, that she would prefer that Respondent merely perform a principal reduction.

U. The Parties agreed that they would continue to discuss the resolution further to ensure that any and all documents and/or information were provided to the Chapter 13 Trustee in a timely fashion and to her satisfaction.

V. The Parties engaged in a follow-up, in person conversation on March 26, 2019, at which point the Parties agreed that the principal reduction would be performed, and that proof of such reduction would be evidenced by providing the Chapter 13 Trustee a Payoff Statement before the reduction and one dated after the reduction was completed.

W. Respondent, by and through its counsel, provided the Chapter 13 Trustee with both Payoff Statements on or about March 29, 2019 showing the principal reduction in conformity with the Parties' agreement.

X. The Principal Balance of this loan has been reduced from $61,994.62 to $60,288.12 as of March 31, 2019.

Y. Accordingly, the Parties hereby agree and acknowledge that Respondent has provided to the Chapter 13 Trustee sufficient documented proof of its compliance with this Honorable Court's December 14, 2019, and the matter is now fully resolved.

Respectfully submitted,

| | |
|---|---|
| /s/ Ronda J. Winnecour | /s/ Steven P. Kelly |
| Ronda J. Winnecour, Esquire | Steven P. Kelly, Esquire |
| PA ID # 30399 | PA ID #308573 |
| cmecf@chapter13trusteewdpa.com | skelly@sterneisenberg.com |
| U.S. Steel Tower – Suite 3250 | Stern & Eisenberg, PC |
| 600 Grant Street | 1581 Main Street, Suite 200 |
| Pittsburgh, PA 15219 | Warrington, Pa 18976 |
| (412) 471-5566 | (215) 572-8111 |
| Chapter 13 Standing Trustee | Counsel for Respondent |

Dated: April 1, 2019